# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TURNER-RAGAN AMERICAN LEGION, GEORGIA POST 594, and LAWRENCE SMITH and EVERLENE SMITH, individually,**<br><br>*Defendants.* | **CIVIL ACTION NO. 5:18-cv-00222-TES** |

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiff Auto-Owners Insurance Company's Motion for Entry of Default Judgment [Doc. 16] against Defendant Turner-Ragan American Legion, Georgia Post 594 ("American Legion"). Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 55(b)(2) after the Clerk's entry of default against Defendant American Legion on November 28, 2018. [Doc. 16, at ¶ 5]. After reviewing Plaintiff's submissions and the applicable law, the Court **DENIES** Plaintiff's motion.

## FACTUAL BACKGROUND

On April 28, 2016, Defendant Lawrence Smith allegedly sustained an injury when he fell after sitting in a broken chair during a visit to Defendant American Legion's

facility. [Doc. 1, at ¶ 10–11]. At the time of Defendant Smith's injury, Plaintiff alleges that a general commercial liability insurance policy was in effect between it and Defendant American Legion. [*Id.* at ¶ 22]. On July 19, 2016, Defendant American Legion allegedly received notice from counsel for Defendant Smith that he intended to make a claim for injuries arising out his fall. [*Id.* at ¶ 15]. Plaintiff asserts that it did not receive notice of this claim until January 27, 2017. [*Id.* at ¶ 16]. On April 11, 2018, Defendants Lawrence and Everlene Smith filed a complaint in the State Court of Houston County, Georgia, against Defendant American Legion seeking damages for Defendants Lawrence and Everlene Smiths' injuries.[1] [Doc. 1, at ¶ 17; Doc. 11, at ¶ 17; Doc. 12, at ¶ 17]; *see also* [Doc. 1-2]. Although Plaintiff is not a party to the state court proceedings, it allegedly faces potential liability because Defendant "American Legion seeks a defense and indemnity under the [p]olicy for the claims asserted against it" in the state court proceedings. [Doc. 1, at ¶ 23].

Plaintiff filed this action seeking a declaratory judgment that "[it] has no duty to defend or indemnify American Legion." [*Id.* at ¶ 30]. Plaintiff argues that Defendant American Legion failed to satisfy the insurance policy's notice requirement by waiting approximately six months before notifying it of Defendant Smith's injury. [*Id.* ¶ 25]. Plaintiff further argues that the notice requirement is a precondition to its obligation to provide coverage under the insurance policy and that Defendant American Legion's

---

[1] Defendant Everlene Smith's claims are based on a loss of consortium. [Doc. 1-2, at ¶ 5].

failure to satisfy this precondition discharges any obligation Plaintiff may have had under the policy to defend or indemnify Defendant American Legion. [*Id.*].

Plaintiff filed this action on June 21, 2018 and Defendant's Lawrence and Everlene Smith filed Answers on July 23, 2018; however, Defendant American Legion has not filed an answer or otherwise acknowledged this action.[2] *See* [Docs. 1, 11 & 12]. After the period for Defendant American Legion to file a responsive pleading expired, Plaintiff applied for the Clerk of Court to enter a default against Defendant American Legion. [Doc. 15]. The Clerk entered the default and Plaintiff filed the instant motion asking the Court to enter a default judgment against Defendant American Legion. *See generally* [Doc. 16]. Defendant American Legion has yet to acknowledge this action.

## **DISCUSSION**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). But the clerk's entry of default does not require the Court to enter a default judgment and the Eleventh Circuit has repeatedly held that "default judgments are generally disfavored."*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015);

---

[2] Defendants Lawrence and Everlene Smith first filed answers on July 20, 2018, but refiled their answers three days later. [Docs. 9, 10, 11 & 12].

3

*DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (noting that clerk's entry of default does not require entry of default judgment).

Entry of default judgment is clearly inappropriate when only one of the defendants is in default. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). Applying the rule announced in *Frow*, courts in this Circuit routinely deny motions for default judgment in cases with facts that are materially identical to the facts of this case. *See, e.g.*, *Owners Ins. Co. v. Daniels*, Civil Action No. 7:12-cv-27 (HL), 2012 U.S. Dist. LEXIS 61307, at *3 (M.D. Ga. May 2, 2012) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a judgment until the trial of the action on the merits against the remaining defendants. This is especially true when an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations.") (internal citations and quotations omitted); *Auto-Owners Ins. Co. v. Envtl. House Wrap, Inc.*, No. 3:17-cv-817-J-34PDB, 2018 WL 3244008, at *3 (M.D. Fla. May 14, 2018); *Atrium 5 Ltd. v. Hossain*, Case No: 6:16–cv–1964–Orl–22TBS, 2017 WL 2562543 (M.D. Fla. May 26, 2017); *Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, Case No: 6:13-cv-934-Orl-37TBS, 2013 WL 12149556, at **4–5 (M.D. Fla. Sept. 12, 2013). In light of the United States Supreme Court's direction and this Circuit's

precedent in cases with this procedural posture, the Court denies Plaintiff's motion for default judgment.

## **CONCLUSION**

For the reasons discussed above, the Court **DENIES** Plaintiff's motion for entry of default judgment.

**SO ORDERED** this 23rd day of January, 2019.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
